UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21251-CIV-KING

ONELIO HIPOLIT CASTRO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING R&R AND FINAL ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon the November 9, 2012 Report and Recommendation ("R&R") of Magistrate Judge Patrick A. White. (DE #11). Therein, Magistrate Judge White recommends that the Court deny Petitioner's Motion to Vacate, Set Aside or Correct Sentence (DE #1) as time-barred, or, in the alternative, without merit, and decline to issue a certificate of appealability. The Court has reviewed the R&R and finds that it contains well-reasoned recommendations.[1]

Petitioner pled guilty to two counts of money laundering on October 6, 2010. *See* No. 10-20523-CR-KING. He was sentenced to 46 months imprisonment, the bottom of the 46-57 month range, on January 28, 2011. Petitioner did not directly appeal and his conviction became final on February 11, 2011. In his Motion, Petitioner argues that he is entitled to a sentence reduction on two grounds: (1) He received ineffective assistance of

---

[1] Petitioner's Response was due November 26. None was filed.

1

counsel because his attorney did not seek a downward departure under a "fast-track" or early disposition program and (2) he was eligible for early disposition but was not afforded such relief.

Magistrate Judge White found Petitioner's claims to be without merit. At the time Petitioner was sentenced, fast-track programs justifying sentencing variations applied only in some districts with heavy immigration casesloads and only to cases in those districts involving illegal reentry; the Southern District of Florida, however, was not one of the districts that employed a fast-track or early disposition program. In 2012, the United States Attorney General authorized fast-track programs for all districts, but still only in cases involving illegal reentry; the order does not apply retroactively. Petitioner was charged with money laundering and pled guilty and was sentenced in the Southern District of Florida. Thus, he was not eligible for a sentencing variation under a fast-track program. Accordingly, his counsel could not have been ineffective for failing to seek such a reduction.

Significantly, though, the Court need not reach the merits of Petitioner's claims. Pursuant to the one-year limitation for filing a motion to set aside a verdict under 28 U.S.C. § 2255, Petitioner's Motion had to be filed no later than February 11, 2012. It was filed March 20, 2012, some 38 days past the deadline. Though the Eleventh Circuit has held that the one-year limitation may be equitably tolled under extraordinary circumstances, Petitioner has not demonstrated such a basis for excusing his late filing. Therefore, his motion is time-barred.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that that the R&R (**DE #11**) be, and is hereby, **AFFIRMED and ADOPTED**. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (**DE #1**) be, and is hereby, **DENIED**. The case is **DISMISSED with prejudice**, and the Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 28th day of November, 2012.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: Magistrate Judge Patrick A. White

**Unelio Hipolit Castro**
Reg. No. 83371-004
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 5888
Yazoo City, MS 39194

**Alicia E. Shick**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
305-961-9317
Fax: 305-530-6168
Email: alicia.shick@usdoj.gov

3